Indian claims; interlocutory review under Rule 53(c)(2)(i) of trial judge’s refusal to suspend further proceedings to await litigation elsewhere. — On February 22, 1980 the court entered the following order:
Before Davis, Judge, Presiding, Kunzig and Bennett, Judges.
*668 This is an interlocutory request for review under Rule 53(c)(2)(i), certified by the trial judge, from the trial judge’s order of December 12, 1979, denying the plaintiffs’ motion to suspend further proceedings in these two cases. The underlying claims in both Nos. 301 (involving the Oneida Nation) and 300-A (involving the Stockbridge-Munsee Community) have been pending since 1951, first before the Indian Claims Commission and more recently on transfer to this court. The claims pertain to Indian lands ceded to the State of New York (some before the Trade and Intercourse Act of 1790 and some thereafter) under what are said to be unfair or invalid treaties by the Indians with New York. The detailed litigation history of the Oneida claims (No. 301) is set forth in United States v. Oneida Nation of New York, 201 Ct. Cl. 546, 477 F. 2d 939 (1973), and United States v. Oneida Nation of New York, 217 Ct. Cl. 45, 576 F. 2d 870 (1978), and need not now be repeated. The litigation history of the underlying claims in No. 300-A (by the Stockbridge-Munsee Community) is comparable to that of the post-1790 claims of the Oneidas, and both sets of claims have a comparable history. Suffice it to say that this court and/or the Indian Claims Commission have held that the United States is liable as a fiduciary to the claimants under the "fair and honorable dealings” clause of the Indian Claims Commission Act for any failure of the Indians to receive a fair price from New York for their lands.
The cases are now pending in the Trial Division for further proceedings to determine (1) certain disputed issues as to the extent of the Indians’ aboriginal ownership, and (2) the amount of monetary recovery, if any. The claimants moved the trial judge to suspend proceedings until the conclusion of other litigation pending in the Northern District of New York between the Indians and certain New York Counties, state agencies, and private individuals and entities — suits in which the Indians seek a determination that the cession treaties with New York were wholly invalid and, accordingly, that the Indians still own the land in question and are entitled to its use or worth. The present claimants say that the further proceedings to be had in the present cases will prejudice and interfere with the litigation in the Northern District of New York. This is a reprise *669 of requests for suspension previously made on this same ground. In United States v. The Oneida Nation, supra, 217 Ct. Cl. 45, 576 F. 2d 870 (1978), the court denied comparable requests. See Part I of the opinion of May 17, 1978, 217 Ct. Cl. at 50-52, 576 F. 2d at 872-74.
In his order of December 12, 1979, of which interlocutory review is sought, Trial Judge Merow denied the plaintiffs’ motion to suspend. He determined that (a) if there be any prejudice to the New York suits from these Indian Claims Commission Act proceedings, that prejudice has already occurred through the decisions previously rendered in these cases by this court and the Commission; (b) this court has already determined the measure of damages for these claims under the "fair and honorable dealings” clause, and that question is no longer open; (c) if the further proceedings in this court should have any collateral estoppel effect on the New York litigation, that is no reason for delaying proceedings here since plaintiffs will have full opportunity to litigate any such issues in this court; and (d) the defendant, as represented by the Department of Justice, does not indicate the likelihood of any settlement of the controversy over the New York lands.
On this request for interlocutory review, defendant opposes any suspension (as it did before the trial judge) and asks us to adopt Trial Judge Merow’s order.
We agree with and affirm that order. These cases have now been in litigation for almost 29 years. There is a pressing need to conclude, as rapidly as possible, these particular cases, as well as the other Indian Claims Commission Act cases still pending. See Navajo Tribe v. United States, (Doc. 69), 220 Ct. Cl. 360, 368, 601 F. 2d 536, 540 (1979), cert. denied, 444 U.S. 1072 (1980). We see no adequate reason at this time for postponing further proceedings in this court for a period which is likely to last for at least several years.[1]
it is therefore ordered, without oral argument, that the trial judge’s order of December 12, 1979 is affirmed.

 We understand that the United States Court of Appeals for the Second Circuit was scheduled to hear argument on February 20, 1980, on a pending appeal in part of the New York litigation. If the Second Circuit’s decision on that appeal should indicate the need for suspension of proceedings here, the trial judge can of course entertain a renewed motion by plaintiffs to suspend.